IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOMMIE LEE ALLEN          *
                          *
v.                        *     Civil No. WMN-10-3459
                          *
UNITED STATES DEPARTMENT OF *
VETERANS AFFAIRS          *
                          *
  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**MEMORANDUM**

Plaintiff Tommie Lee Allen filed this action in the state District Court on or about October 1, 2010. He named the United States Department of Veterans Affairs (Veterans Administration) as the sole defendant[1] and alleged that, while receiving medical treatment at the Veterans Administration's Medical Center in Dallas and Fort Worth, Texas, he was given medication that elevated his blood pressure and caused a tumor to grow on his foot. He also alleged that representatives of the Veterans Administration have assaulted him, stalked him, and "bad mouthed" him to banks and friends. Plaintiff sought $30,000.00 in damages.

Defendant timely removed the action to this Court and has now filed a motion to dismiss. ECF No. 8. As grounds for

---

[1] Although Plaintiff named the Veterans Administration as the defendant, the Veterans Administration is an agency of the United States and the United States, not the agency, is the proper defendant in all tort suits arising out of the alleged conduct of a federal agency. F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994).

dismissal, Defendant cites Plaintiff's failure to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA) prior to bringing this suit.  Defendant also argues that, even if Plaintiff had exhausted his administrative remedies, the FTCA would still bar Plaintiff's assault and defamation claims.

On December 15, 2010, the Court sent Plaintiff a letter informing him that Defendant had filed a motion which, if granted, could result in the dismissal of his claims.  The letter further informed Plaintiff that he had 17 days from the date of that letter in which to file a response to the motion.  Although subsequent to that letter Plaintiff has submitted pleadings to the Court, none are directly responsive to Defendant's motion.  See ECF Nos. 14-16 (wherein Plaintiff requests, inter alia, the filing of his medical records).

"As a sovereign, the United States is immune from all suits against it absent an express waiver of immunity." Welsh v. United States, 409 F.3d 646 (4th Cir. 2005). The FTCA effects a limited waiver of the United States' sovereign immunity for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  In order to take advantage of this limited waiver of immunity, however, a plaintiff must first exhaust

administrative remedies before bringing suit. Kokotis v. United States Postal Service, 223 F.3d 275 (4th Cir. 2000).

With its motion, Defendant submitted affidavits stating that searches of the Veterans Administrations's FTCA files in regions including Texas and Maryland revealed no administrative claim filed by Plaintiff. ECF Nos. 8-2 (Aff. of Jeffrey Stacey) and 8-3 (Aff. of Frank Giorno). Furthermore, in a letter sent to Plaintiff by the Court on December 30, 2010, denying appointment of counsel, the Court alerted Plaintiff that Defendant's pending motion to dismiss raised the straightforward question of whether he had exhausted his administrative remedies prior to filing suit. See ECF No. 13. Plaintiff has submitted nothing to challenge Defendant's assertion that he has yet to file an administrative claim with the Veterans Administration. Accordingly, Plaintiff's Complaint must be dismissed.

The Court also notes that, had Plaintiff exhausted his administrative remedies prior to filing suit, his claims for assault and defamation would still be subject to dismissal. While the FTCA provides a limited waiver of sovereign immunity as to some torts, intentional torts such as assault and defamation are expressly excluded from that waiver. 28 U.S.C. § 2680(h) (excluding from FTCA's limited waiver "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights").

For these reasons, Defendant's motion to dismiss will be granted. A separate order will issue.

```
                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge
```

DATED: January 26, 2011